## Capt. HARRIS STACKPOLE et al. *v.* OSWALD WICKHAM.

The defendant's commission had been out eighty-two days, and no excuse for the delay was shown, and the district judge was of opinion that due diligence had not been used. *Held :* That defendant was properly ruled to trial.

A vessel had made a safe voyage from Turk's Island to New Orleans. *Held ;* That it was not necessary for the plaintiff to show, affirmatively, that she was seaworthy, and provided with men and provisions, and every other requisite for such a voyage.

The verdict was written on the back of a document attached to a petition, instead of being written on the back of the petition itself. This circumstance was not urged as a ground for a new trial. *Held :* The ground of nullity, set up for the first time in the Supreme Court, is too frivolous to deserve further notice. The document was annexed to the petition, and may fairly be viewed as a part of it.

APPEAL from the Fourth District Court of New Orleans. This case was tried by a jury before *Strawbridge,* J.  J. L. *Halsey,* for plaintiff.  *Wolfe* and *Singleton,* for defendant.  By the court :  (*Preston,* J., absent.)

Rost, J.  Our attention has been called to the several bills of exception which the record contains.

On the day of trial, the defendant moved for a continuance, on the ground that a commission sent to New York to take the testimony of certain witnesses, had not been returned. The commission had then been out eighty-two days. The defendant showed no excuse for the delay, and the district judge being of opinion that he had not used proper diligence, ruled him to trial.

We are unable to say that this was not a proper exercise of the discretion vested in the district judge.

After the cause was called for trial, the defendant moved that the exception contained in his answer, " that the petition discloses no cause of action," be first taken up and tried.

Under a rule of court, which prohibits counsel from making any motion when a cause is called for trial, if such motion could with propriety have been made previous to that time, the court refused to entertain the motion, but reserved to the defendant his right to the benefit of the exception on the trial.

The defendant was bound to know the rules of court and to conform to them ; and if the district judge had considered his going to trial, on the merits, as a waiver of the exception, we should not have disagreed with him. It was tried, however, with the main issue, and clearly overruled by the judgment rendered on the verdict. We think it was properly overruled.

The plaintiff having found no salt at Grand Turk, brought his vessel, in ballast, to New Orleans. The defendant contends, that under his charter-party and the custom of trade, he should have gone to Salt Key and ascertain whether he could not get a cargo there. The charter-party is for a cargo of salt to be taken in at Turk's Island ; and the judge, in his charge, told the jury that the alleged custom of trade which bound the plaintiff to go to Salt Key under such a charter-party, in case he found no salt at Grand Turk, was not proved. The defendant excepted to the charge on the ground, that the judge is prohibited from charging the jury on questions of fact. Had the evidence in relation to this custom of trade been such as would have authorized a verdict against the plaintiff, the charge of the judge might have made it necessary to remand the

case; but as we are satisfied that no such verdict could be rendered, under the evidence, we would be doing a vain thing if we made that disposition of it.

We think with the district judge, that as the vessel had made a safe voyage from Turk's Island to New Orleans, it was not necessary for the plaintiff to show, affirmatively, that she was seaworthy and provided with men and provisions, and every other requisite for such a voyage. The fact that the verdict was written on the back of a document attached to the petition, instead of being written on the back of the petition itself, was not one of the grounds taken in the application for a new trial. This case differs in that respect from that of *Dubertrand* v. *Laville*, 8 L. R. 275. In that case the verdict had been written in French, and was radically defective. Here there is a valid verdict, and the ground of nullity, set up for the first time in this court, is too frivolous to deserve further notice. The document was annexed to the petition, and may fairly be viewed as a part of it.

On the merits, the amount allowed by the jury was considered proper by the district judge, and is fully sustained by the evidence.

The judgment is affirmed, with costs.